## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

HARVEY SPRIGGS as Personal Representative
of the Estate of GERALDINE L. MCDONALD,
deceased,

        Plaintiff,

Case No.:

vs.

STONEBRIDGE LIFE INSURANCE COMPANY,

        Defendant.
_____/

## **ANSWER AND DEFENSES**

The Defendant, Stonebridge Life Insurance Company ("Stonebridge"), answers Plaintiff's Complaint and states:

1. The nature of this action is admitted. Denied that the Plaintiff is entitled to recover any damages.

2. Admitted.

3. Admitted, except that Exhibit A to the complaint is an accidental death and dismemberment policy, not a life insurance policy.

4. Admitted that Geraldine McDonald purchased the subject insurance policy while she was a resident of Hillsborough County and that, if a benefit was payable under the terms of the policy as a result of her death, the amount of that benefit would be $60,000. Otherwise, denied.

5. Admitted that Geraldine McDonald died on November 9, 2009. Otherwise, denied.

6. Admitted that Plaintiff made a claim under the policy and that Stonebridge denied that claim because benefits are not payable under the terms of the policy. Otherwise, denied.

7. Although it is admitted that Plaintiff would be entitled to recover attorneys fees under Florida Statute section 627.428 if he prevails in this action, it is denied that he is entitled to do so. Otherwise, denied.

## DEFENSES

1. No benefits are payable under the terms, conditions, and limitations of the subject insurance policy.

2. Geraldine McDonald died because chronic atherosclerotic and hypertensive cardiovascular disease caused her to have a stroke. Although her stroke also caused her to fall, the stroke, not an accident, caused her death.

3. The subject insurance policy includes the following relevant provisions:

THIS IS AN ACCIDENT ONLY POLICY. IT DOES NOT PAY FOR LOSS DUE TO SICKNESS.

We will pay benefits to you for a loss covered by this policy which results from Injury. Payment is subject to the terms of this policy.

Injury means bodily injury caused by an accident occurring while the insurance is in force resulting:
    1.    within 365 days after the date of the accident; and
    2.    directly and independently of all other causes,
in any Loss covered by this policy.

Loss means loss of life.

4. Plaintiff's claim is not covered in light of these provisions because Geraldine McDonald's death was due to sickness and did not result from Injury as that term is defined in the policy because she did not suffer a bodily injury caused by an accident that resulted in her death directly and independently of all other causes.

Wherefore, the Defendant, Stonebridge Life Insurance Company, demands judgment in its favor and against the Plaintiff, for the costs of this action, and for such other relief as the Court deems just and proper.

/s/ Brett J. Preston
Brett J. Preston
Florida Bar No. 603716
David L. Luikart III
Florida Bar No. 21079
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
Post Office Box 2231
Tampa, Florida 33601
(813) 221-3900 (Telephone)
(813) 221-2900 (Facsimile)
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served via U.S. Mail on May 21, 2012 to: Kevin McLaughlin, Esq., Wagner, Vaughan & McLaughlin, P.A., 601 Bayshore Blvd., Suite 910, Tampa, FL 33606.

/s/ Brett J. Preston
Brett J. Preston